IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 09-339
)
JAY GREGORY MATHIS, )
)
Defendant. )

MEMORANDUM AND ORDER

Gary L. Lancaster,                                March _/_, 2012
Chief Judge.

       This is a criminal action. Defendant Jay Mathis has filed a motion <u>in limine</u> to exclude a letter he sent to an acquaintance, on the grounds that it is not relevant and, even if relevant, is unfairly prejudicial. Defendant has also filed a motion seeking to compel the government to disclose additional information about a cooperating witness, including information compiled and maintained by pretrial services. [Doc. Nos. 79, 90].

       For the reasons set forth below, the court will grant defendant's motion to exclude the letter, except the signature line. The court will deny defendant's motion as to the cooperating witness, except as to material maintained by

pretrial services. The court will conduct an in camera review of those materials immediately prior to trial.

I. BACKGROUND

In a superseding indictment issued on February 8, 2011, the grand jury charged Mr. Mathis with seven counts, the first four of which are at issue in the pending trial:[1]

    (1) Attempted bank robbery (18 U.S.C. § 2113(a));

    (2) Attempted armed bank robbery (18 U.S.C. § 2113(d));

    (3) Possession of a firearm and ammunition by a convicted felon (18 U.S.C. §§ 922(g)(1) and 924(e)); and

    (4) Using and carrying a firearm during and in relation to a crime of violence and possessing said firearm in furtherance of said crime of violence (18 U.S.C. § 924(c)(1)(A)(iii)).

According to the government, on January 8, 2009 a man entered a National City Bank branch in Pittsburgh, PA, brandishing a weapon. The security guard drew his firearm, and when the man did not drop his weapon, the guard pursued him. The man fired a shot at the guard, and the guard returned fire.

---

[1] On December 2, 2011, the court granted defendant's motion to sever counts one through four from counts five through seven. The instant motions are applicable only to the trial on counts one through four. [Doc. No. 68].

2

Following the man's escape by car, Pittsburgh police discovered blood in the alley down which he fled. The police collected a blood sample that yielded a DNA profile matching that of Jay Mathis in the National DNA Indexing System. After collecting three buccal swabs from defendant, the government confirmed the DNA match. The court previously denied defendant's motion to suppress the DNA evidence. [Doc. No. 74].

Defendant seeks to exclude the following pieces of evidence: (a) Mr. Mathis' letter to an acquaintance; and (b) Mr. Mathis' 1998 conviction for bank robbery. Mr. Mathis agreed to stipulate to a conviction for a crime punishable by imprisonment exceeding one year for purposes of counts 3 and 4. At the hearing on these motions, the court granted defendant's motion with respect to the prior conviction, but reserved a decision on a portion of the letter.

The letter, written by defendant while in pre-trial detention for the charged crimes, was seized during an unrelated search of the recipient's apartment. The government expressed its intent to use at least three passages of the letter at trial: (1) defendant's signature/nickname ("The Ockster"/"Big Ock"); (2) Defendant's strategy statement:

> In my case time is important. 1) Because they are still investigating + 2) It's better to squeeze them into a certain time frame so they don't get to think. All those samples and the bad warrant that led to the indictment need to get pressed. Feel me. We don't want a trial but a

3

trial isn't bad, because although you have DNA in an alley it's not in the bank or on bank property and still remains circumstantial, without another piece of evidence to coroborate [sic] it. So I'm worried but I ain't dead, feel me?

(3) Defendant's perspective statement:

After that I stopped caring. I was waiting to go to the akhir after capping some pigs cuz 4real. Insha-Allah I got a better perspective on life. A more realistic one. that 11 years had my brain on T.V. & movies.

During the hearing on these motions, the court granted defendant's motion to exclude the strategy statement, but reserved a ruling on the signature and perspective statement.

II. DISCUSSION

A. Motion to Exclude the Letter

Defendant objects to admission of the letter on both relevancy and prejudice grounds.[2] Defendant argues that defendant's nickname is not relevant. However, the government contends that one of its anticipated witnesses knows defendant by this nickname. Defendant also argues that the other statements in the letter are not relevant because they are ambiguous. According to defendant, the letter demonstrates only reasonable concern about the criminal process, rather than consciousness of guilt. The government argues that the two

---

[2] Although the issue was not explicitly raised in defendant's motion, the court finds the letter to be admissible non-hearsay under Federal Rule of Evidence 801(d)(2), as a statement offered against an opposing party.

4

passages quoted above show consciousness of guilt, and the term "capping some pigs" is not ambiguous because it is common slang terminology for firing a gun at police officers.

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Even if evidence is relevant, and therefore admissible under Rule 402, the court may still exclude it if "its probative value is substantially outweighed by a danger of" unfair prejudice, among other things. FED. R. EVID. 403.

The letter's relevance to any fact of consequence in the action is arguable. Certainly, if a witness knows defendant only as "the Ockster," the letter provides a relevant and necessary link between defendant and the nickname. However, the relevance of the other passages of the letter is more difficult to discern. The government sees "consciousness of guilt" in defendant's plan for defending the case, including his perception of the strength of his case. However, the court finds no confession, overt or implied, in defendant's description of defense strategy. Defendant has a constitutional right to defend against the charges. Similarly, the term "capping some pigs" is not linked in the letter to defendant's description of his defense or to any reference to a bank, a

robbery, or pending criminal charges. Instead, the phrase is in the midst of an ambiguous sentence, which addresses defendant's change in perspective on life over the last eleven years.

Even assuming that the passages are relevant to demonstrate defendant's guilt, the letter presents significant danger of unfair prejudice. The passages that the government finds probative of defendant's "consciousness of guilt" are precisely those passages most likely to be unfairly prejudicial. The strategy statement is prejudicial because jurors may be offended by or suspicious of defendant's efforts to "beat the system," even if they are advised of his constitutional right to prepare a vigorous defense. Similarly, the phrase "capping some pigs" may trigger fear or distrust on the part of jurors. Although jurors will be screened for bias during voir dire, the court cannot ignore the fact that the letter's pervasive references to Islamic faith and street slang may unfairly prejudice the jury against defendant.

The court finds that both the strategy and perspective statements in the letter should be excluded under Rule 403. The probative value of the two passages is severely limited by their ambiguity, and this limited probative value is substantially outweighed by the danger of unfair prejudice to defendant. However, the signature line of the letter is admissible for the purpose of linking defendant to his nickname.

6

B. Motion for Discovery

Defendant requests discovery materials related to a newly identified government witness in two general categories. First, he requests materials from the government prosecutors, including exculpatory and impeachment evidence as defined in Brady and Giglio, and information regarding the witness's cooperation in this and other cases. Second, defendant requests materials from pretrial services, including information about the witness's compliance with pretrial release conditions, the financial affidavit made by the witness in support of her request for the appointment of counsel, and any other impeachment evidence in pretrial services' files.

With respect to the first category, the government has assured the court that it has provided defendant with all exculpatory and impeachment information related to the cooperating witness, consistent with its obligations under Brady and Giglio. Therefore, the court will deny this portion of defendant's discovery request.

With respect to the second category, information obtained in the course of performing pretrial services shall be used only for purposes of a bail determination and shall otherwise be confidential, subject to limited statutory exceptions. 18 U.S.C. § 3153(c)(1). Confidential treatment of pretrial services information is intended to "protect[] the relationship

between the pretrial services officer and the particular defendant. Defendants may be reluctant to cooperate with pretrial services officers unless assured of the confidentiality of the information they reveal to the officers. The courts, in turn, would receive only incomplete information." H.R. Conf. Rep. 97-792, at 8 (1982), reprinted in 1982 U.S.C.C.A.N. 2393, 2394. Therefore, "a request by a third party for the pretrial services report of a government witness creates a tension between this confidentiality and the government's discovery obligations." United States v. Pena, 227 F.3d 23, 26 (2d Cir. 2000)(Sotomayor, J.). The U.S. Court of Appeals for the Third Circuit has not provided guidance on resolving this tension. In Pena, the U.S. Court of Appeals for the Second Circuit held that:

> [A]s with presentence reports, when a defendant requests that the government disclose pretrial services materials pursuant to its discovery obligations to provide defense counsel with exculpatory and impeachment information in its possession, **district judges should review those materials in camera and determine whether they contain such information**. If so, and if there is a compelling need for its disclosure, the district court should, to the extent possible, turn over only that portion of the document containing such information.

Id. at 28(emphasis added).

The court finds that pretrial services information about a third-party witness need not, and should not, be disclosed directly to defendant. However, the court will

8

review, in camera, the pretrial services materials requested by defendant, to ensure that no additional exculpatory or impeachment information is contained therein.

III. CONCLUSION AND ORDER

AND NOW, for the reasons stated above, IT IS HEREBY ORDERED that:

(1) Defendant's motion in limine [Doc. No. 79] to exclude evidence is GRANTED; and

(2) Defendant's motion for discovery [Doc. No. 90] is DENIED in part and TAKEN UNDER ADVISEMENT in part as follows:

   a) Defendant's requests for general exculpatory and impeachment evidence, for information regarding the cooperating witness's cooperation in other cases, and for impeachment information specifically related to the cooperating witness, with the exception of pretrial services material, are DENIED; but

   b) Defendant's request for access to materials created and maintained by Pretrial Services is TAKEN UNDER ADVISEMENT, pending an in camera review. The government shall secure the attendance of a representative from Pretrial Services on or before 9:00 a.m. on March 5, 2012 in the chambers of Chief Judge Lancaster. Such representative must bring the

9

witness' file and any other materials related to the witness. The court will review the materials _in camera_.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record
    Pretrial Services